WILLIAM O. LUDLOW v. AUGUST HARDY.

*Repeal of liquor law cannot make a previous sale a consideration for a new promise.*

A sale of liquors in violation of the prohibitory liquor law cannot support a new promise made after the repeal of the law.

Case made from Kent.   Submitted April 11.   Decided April 16.

ASSUMPSIT.   Plaintiff had judgment below.

*Wm. L. Stoughton* for plaintiff in error.   An express

promise may revive a precedent good consideration after it has been suspended by law, *Geer v. Archer,* 2 Barb., 425; *Wennall v. Adney,* 3 B. & P., 249; *Smith v. Ware,* 13 Johns., 257; *Ehle v. Judson,* 24 Wend., 97; *Cooper v. Martin,* 4 East, 76; *Bentley v. Morse,* 14 Johns., 468; *Goulding v. Davidson,* 26 N. Y., 604.

*Malcolm M. Moore* and *James A. Rogers* for defendant in error. Any agreement founded on an extension of time when there is no liability cannot be enforced, *Sweet v. Spence,* 35 Barb., 44; *Tryon v. Jennings,* 12 Abb. Pr., 33: 22 How. Pr., 421; *Fairchild v. Warren,* 21 How. Pr., 187.

GRAVES, J. Ludlow, as plaintiff, recovered in the court below, and Hardy removed the cause to this court upon a case.

In the fall of 1874 Ludlow sold a quantity of liquors to Hardy, and the sale is claimed to have been contrary to the act then in force to prevent the manufacture and sale of spirituous and intoxicating liquors as a beverage. After the repeal of that statute, Hardy, in consideration of the sale and of an extension of the time of payment, made a new promise, and in fact paid $22. The court below allowed recovery upon this new promise, and the only question is upon the validity of that ruling. Another point is suggested by plaintiff's counsel, but it has no plausibility. He says that the record fails to show that the sale occurred in Michigan, and hence that there is no evidence there was anything wrong in the first transaction. True, the record does not state in terms at what place the sale was made, but it sufficiently appears it was made where it was subject to the act before mentioned, and that is enough to require the record to be construed against the objection.

The original transaction was within the operation of the statute, and was condemned by it. As a sale it was forbidden and illegal, and it was also forbidden and illegal as a gift; and although like transactions subse-

quent to the repeal of the statute referred to would not stand forbidden and illegal, the act in question, which occurred during the existence of the statute, has never become lawful. It had no legal vitality originally, and nothing has occurred since to breathe life into it. It has never been transformed into a valid act. Hence it has never been sufficient to afford any consideration for a promise.

The judgment is erroneous and must be reversed, and judgment must be entered here for defendant with costs below and here.

The other Justices concurred.