## Angus M. Dewar v. The People.

*Licensing the sale of liquor.*

The removal of the constitutional prohibition against licensing the sale of liquor, does not authorize a town council to license drinking saloons under a municipal charter granted before the constitutional amendment.

A statute cannot be enlarged merely by a change in the constitution.

Error to Mason. Submitted Jan. 29. Decided Jan. 31.

Conviction for keeping a saloon without obtaining a license, contrary to ordinance No. 33 of the city of Ludington.

*White & Haight* for plaintiff in error. A change in

40 MICH.—51.

the constitution cannot extend the force of existing stat-
utes, Cooley Const. Lim., 62; Sedgwick on Const. Law,
490; *Cass v. Dillon,* 2 Ohio St., 607.

*J. B. McMahon* for the city of Ludington, defendant
in error.

COOLEY, J.    The charter of the city of Ludington,
enacted in 1873, empowers the common council, among
other things, "To license and regulate saloons, restau-
rants, and billiard rooms, or prohibit the same or any
of them." Laws 1873, vol. 2, p. 171. When this charter
was granted, the constitution of the State provided that
"The legislature shall not pass any act authorizing the
grant of license for the sale of ardent spirits or other
intoxicating liquors." Art. IV., § 47. While this remained
in force it was of course as incompetent for the legis-
lature to act indirectly through municipal authorities in
the grant of licenses, as to do so by more direct action.
The section, however, was stricken from the constitution
by a vote of the people taken in the year 1876.

In 1878, after the constitution had been thus amended,
the common council of Ludington passed an ordinance
which by its first section provided that "No person or
persons shall keep or maintain a saloon or restaurant
within the limits of the city of Ludington without first
obtaining a license therefor in the manner hereinafter
provided."    Other sections pointed out the method of
obtaining a license, and fixed the license fee at one hun-
dred and fifty dollars a year.    The tenth section declared
that "The words saloon and restaurant as used in this
ordinance shall not be construed to include any place of
business kept exclusively for the purpose of furnishing
meals, nor to any place of business kept exclusively and
only for the purpose of selling any or all of the fol-
lowing articles, to-wit: cigars, tobacco, confectionery,
nuts, candies, ice cream, pop, cakes, fruits, vegetables
or lemonade."

These exceptions seem carefully designed to exclude from the operation of the ordinance all keepers of saloons· and restaurants not engaged in the sale of intoxicating drinks, but to include all those who are or shall be so engaged. The ordinance is therefore manifestly an ordinance to license saloons and restaurants for the sale of intoxicating drinks, because in its terms it manifestly applies to them and not to others. It is in this particular radically different from the ordinance of Ann Arbor which was sustained in *Kitson v. Ann Arbor*, 26 Mich., 325, for that applied to saloons generally.

Treating this as an ordinance for the licensing of places for the sale of intoxicating drinks, it is plain that it cannot be sustained. The legislature of 1873 had no power, under the constitution as it then was, to authorize such licenses, and it is not presumable that any unconstitutional power was intended to be exercised in granting the charter. But if the charter at that time did not confer or attempt to confer the authority, neither does it do so now. The meaning of the charter is the same to-day that it was when adopted, and it cannot be affected and enlarged by any subsequent change of the constitution. The intent to be sought for in the charter is the intent of the body which passed it, namely, the legislature of 1873; and that was clearly not an intent to authorize the licensing of sales of intoxicating drinks. The conviction was therefore erroneous.

The conviction must be reversed with costs against the city.

The other Justices concurred.