# THE VILLAGE OF MOUNT PLEASANT v. JAMES N. VANSICE.

### *Village license ordinances—Misdemeanors.*

The General Village Incorporation Act does not empower village councils to ordain misdemeanors.

Authority given to a village council "to license saloons, taverns and eating houses" does not authorize it to license the sale of liquors.

A village ordinance making provision for licensing the sale of liquors, adopted under the authority of a charter granted at a time when the Constitution forbade the enactment of license laws, is void, and the subsequent repeal of the constitutional prohibition does not make it valid.

43 MICH.—46.

Error to Isabella. Submitted April 15. Decided April 21.

COMPLAINT under village ordinance. Judgment was given for respondent.

*Brown & Leaton* for plaintiff in error. The Legislature can delegate to a municipal corporation its authority to control traffic in liquors, *Flint & Fentonville P. R. Co. v. Woodhull* 25 Mich. 99; *Hoyt v. Jeffers* 30 Mich. 181; *Attorney General v. Com. Council* 29 Mich. 108; *Whipple v. Saginaw Circ. Judge* 26 Mich. 342; *Perdue v. Ellis* 18 Ga. 586; *State v. Gurney* 37 Me. 156; *East St. Louis v. Wehrung* 46 Ill. 392; *Goddard v. Jacksonville* 15 Ill. 588; *Gardner v. People* 20 Ill. 430; *Pekin v. Smelzel* 21 Ill. 464; *Strauss v. Pontiac* 40 Ill. 301; *Bennett v. People* 30 Ill. 389; *Mason v. Trustees* 4 Bush 406; *Markle v. Akron* 14 Ohio 586; *City Council v. Ahrens* 4 Strobh. 241; *Morris v. Rome* 10 Ga. 532; *Com. v. Luck* 2 B. Mon. 296; *Independence v. Noland* 21 Mo. 394; *State v. Clark* 28 N. H. 176; *Clintonville v. Keeting* 4 Den. 341; *Wightman v. State* 10 Ohio 452; *State v. Noyes* 30 N. H. 279.

*A. Stout* for defendant in error.

GRAVES, J. The defendant was fined fifty dollars and costs by a justice of the peace, and ordered to be imprisoned sixty days in case of non-payment, for the violation of an ordinance of the village making provision for granting licenses for the sale of spirituous and intoxicating liquors, and ordaining that violations should constitute misdemeanors punishable by fines, and in case of non-payment, by imprisonment. He appealed, and the circuit judge directed an acquittal. The village alleges error.

The incorporating act was approved April 16, 1875 (Local Acts of 1875, p. 533), and it provided that, in all things not therein otherwise regulated, the village should be governed by; and its powers and duties be defined by, the general act granting and defining the powers and duties of incorporated villages, approved April 1, 1875.

The incorporating act being silent as to the nature and extent of the power conveyed to enact ordinances, the authority depends entirely on the general act. This is not disputed. But the position taken on the part of the village is that, by the seventh subdivision of the first section of chapter seven of that law (Pub. Acts of 1875, p. 68), the Legislature made provision quite broad enough for the ordinance in question, and that the inhibition in the Constitution of legislation to authorize the licensing the sale of ardent spirits having been removed, the provision of said section seven is now imbued with sufficient force to warrant the ordinance.

The court is not able to assent to this claim. In the first place the general act referred to nowhere assumes to delegate the power to a village council to ordain misdemeanors. But this is not all. The provision cited as authority for the ordinance either purports to have given the power or does not, and if it does not, the ordinance is confessedly without foundation, and on the other hand, if it does, and is in that application therefore void, the same result follows.

In regard to the first alternative the point is considered clear. The power given is " to license saloons, taverns and eating-houses." Nothing is said about permitting the sale of ardent spirits, and we cannot impute to the words any covert or hidden sense. It is not possible to contend that saloons, taverns and eating-houses are, in contemplation of law, inseparable from the sale of ardent spirits. The course of legislation for many years proceeded on the idea of a distinction, and the courts recognized it. Moreover, when the general law of 1875 was passed the Legislature was forbidden to make laws authorizing the grant of license, and it would be a rash thing to impute to it a design to do so on the strength of such language as is used in this subdivision.

The second alternative will justify only a word or two. If the Legislature had the purpose to confer the power, and designed that the terms used should have the mean-

ing now claimed for them, the design was in conflict with the Constitution as it then existed, and the sense and scope of the provision were so far null and void. They never were of any force, and were as though they had not been expressed or involved in the language, and the words were left to carry a sense in harmony with the Constitution. The meaning claimed not having been enacted in the passage of the law, because the Constitution forbade it, it has not become a law merely through a change of the Constitution and the lapse of time. *Dewar v. People* 40 Mich. 401; *Ludlow v. Hardy* 38 Mich. 690.

There is no error and the judgment is affirmed with costs.

The other Justices concurred.