FITZPATRICK *v.* WEAVER.

MUNICIPAL CORPORATIONS— ORDINANCES—VALIDITY — LICENSES—
INTOXICATING LIQUORS.

An ordinance adopted by a city of the fourth class, prescribing
a license for keeping a saloon, "under which designation
shall be included all resorts or places where intoxicating
liquors are sold or drank as a beverage," applies only to sa-
loons where intoxicating liquors are sold, and therefore con-
flicts with section 3107, 1 Comp. Laws, subd. 14.

Certiorari to Hillsdale; Chester, J. Submitted Janu-
ary 22, 1907. (Calendar No. 22,038.) Decided March
5, 1907.

Mandamus by Merton Fitzpatrick, city attorney, to
compel Charles M. Weaver, justice of the peace, to issue
a warrant against Arthur Triechman for a violation of an
ordinance. There was an order granting the writ, and
respondent brings certiorari. Reversed.

*Merton Fitzpatrick* (*Frankhauser & Cornell,* of
counsel), in pro. per.

*Fellows & Chandler,* for respondent.

PER CURIAM. The city of Hillsdale is a city of the
fourth class, having authority (section 3107, subd. 14, 1
Comp. Laws):

" To regulate and license all taverns and houses of pub-
lic entertainment, all saloons, restaurants and eating
houses, and to regulate and prescribe the location of
saloons; but this shall not be construed as authorizing the
licensing of the sale of intoxicating liquors."

Under the claim that the foregoing section gave author-
ity therefor, the common council of the said city of Hills-

dale, on the 26th of February, 1906, adopted an ordinance the material provisions of which are as follows:

"SECTION 1. It shall be unlawful for any person to keep any saloon, under which designation shall be included all resorts or places where intoxicating liquors are sold or drank as a beverage, within the city of Hillsdale, without first paying a license fee for the privilege of conducting the same of $300 per annum.   *   *   *

"SEC. 2. The city treasurer, on payment to him of the license fee herein provided, shall give to the person so paying a receipt for the amount paid,   *   *   *   which receipt shall constitute a license for the keeping of a saloon, as described in section 1 of this ordinance."

Respondent, a justice of the peace of the said city of Hillsdale, upon the ground that said ordinance was invalid, refused to issue a warrant upon a complaint charging that one Arthur Triechman "kept a saloon within the corporate limits of said city of Hillsdale, in which saloon intoxicating liquors were kept for sale, sold, and drank as a beverage, without first having paid to the treasurer of said city of Hillsdale the annual license fee of $300." These proceedings were then instituted in the circuit court, and a mandamus was therein granted, ordering said respondent to issue said warrant.

Respondent asks us to reverse that order, and the question for our decision is this: Is said ordinance valid? If the ordinance applies only to saloons where intoxicating liquors are sold, then it is an attempt to license the sale of intoxicating liquors contrary to the law above quoted, and is invalid, under our decision of *Dewar* v. *People*, 40 Mich. 401. See, also, the recent case of *Kenaston* v. *Riker*, 146 Mich. 163. Does the ordinance apply only to saloons where intoxicating liquors are sold? On the part of the relator it is contended that it does not; that it applies as well to saloons where intoxicating liquors are not sold, as to those where they are sold. We cannot indorse this contention. Whatever construction we might place upon section 1 of the ordinance, if standing alone, that

section, when construed, as it should be, in connection with section 2, applies only to saloons of the kind described, viz., those where intoxicating liquors are sold or drank as a beverage.

Relator was not entitled to a mandamus, and the order of the circuit court should be reversed.