King, J.,
delivered the opinion of the court.
Plaintiffs brought their suit to recover from The Modern Brotherhood of America, a corporation organized and existing under and by virtue *411 of the laws of the state of Iowa, engaged in the business of insuring the lives of its members through its subordinate lodges, upon a contract of insurance denominated a “membership certificate,” dated January 21st, 1904, issued by the defendant corporation to William B. Lock, payable upon his death to his son and daughter, the plaintiffs herein. The insured committed suicide on or about December 19th, 1907. The certificate contained an express provision that if the holder thereof should die by his own hand, whether sane or insane, the certificate should be null and void; and the'written application for said membership certificate, which, by the terms of both the application and the certificate, was made a part of the contract of insurance, contained an agreement that in case of death of the member by suicide, the certificate should thereby become void. Defendant relied upon such forfeiture as its defense.
The ease was submitted for determination upon a stipulation in writing which, among other things, contained the following.: “That except for the fact that said William B. Lock committed suicide, the plaintiffs in this action would be entitled to recover the sum of two thousand dollars at and of the date of the commencement of this suit; that proof of loss was duly made by the beneficiaries herein named, and the payment of any sum herein was refused by the defendant association upon the sole ground that because William B. Lock, had committed suicide the certificate was forfeited, and there was no liability on the part of the defendant association to pay the beneficiaries therein named any sum whatever. * * *' It is therefore mutually agreed between the parties that this cause shall be submitted *412 upon the pleadings and this stipulation of facts, and that if the court shall decide that the law of Colorado providing that suicide shall not he a defense-against the payment of a life insurance policy, is constitutional, and second, that it applies to the defendant association, then the court shall render judgment against the defendant company in the sum of two thousand dollars, with interest from the date of the commencement of this suit; otherwise judgment shall be for defendant;” Plaintiffs had judgment.
Appellant contends (a) that it was not a life insurance company; (b) that the certificate of membership sued upon was not a life insurance policy, nor the member a policy holder; (c) that the act of April 11th, 1903, providing that thereafter the suicide of a policy holder of any life insurance company doing business in this state, shall not he a defense against the payment of a life insurance policy, did not apply to the defendant, a fraternal bene-' ficiary association; (d) that if such act was applicable to the defendant, it was unconstitutional and void; (e) that the said act of 1903 was repealed by section 73, chapter 193, session laws of 1907, and therefore its provisions were of no force or effect to bar the defense of suicide.
By the decision of the supreme court in Head Camp Woodmen of the World et al. v. Sloss, 49 Colo., 177, following and approving decisions of the same court in Chartrand et al. v. Brace, 16 Colo., 19, and Supreme Lodge, Knights of Honor, v. Davis, 26 Colo., 252, 257, it has become settled law in this state that as regards the insurance feature, the defendant company' was an insurance company, and *413 its contract of indemnity, by whatever name it may be called, a life insurance policy, and the holder thereof a policy holder, and such contract subject to the same statutory regulations and limitations as those issued by old-line and mutual assessment companies, unless expressly exempted therefrom by statute; and also, that the suicide statute of 1903 applied to such contracts and associations or companies, there being therein no exemption in favor of fraternal associations doing an insurance business. That the act was not void as being in contravention of the provisions of either the state or the federal constitution is also settled by the same authority, and by the decision of the supreme court of the United States in Whitfield v. Aetna Life Ins. Co., 205 U. S., 489. It is therefore obvious that the liability of the defendant depends upon the effect to be given to the act of 1907, effective July 1st of that year, by which the act of 1903 was repealed.
The act of 1903 was a separate, independent and complete enactment in and Of itself, and in no sense amendatory of any previous legislative enactment (Woodmen v. Sloss, supra), the language thereof being as follows: ‘ ‘ From and after the passage of this act the suicide of a policy holder of any life insurance company doing business in this state shall not be a defense against the payment of a life insurance policy, whether said suicide was voluntary or involuntary, and whether said policy holder was sane or insane.” — Session Laws 1903, p. 257.
The general assembly of 1907 revised, amplified and codified the insurance laws by chapter 193, session laws of that year. By section 74, clause *414 15 of said chapter, the act of 1903 was specially repealed, and with slight modification, was substantially re-enacted as section 55 of said chapter, in the following words: “From and after the passage of this act, the suicide of a policy holder after the first policy year, of any life insurance company doing business in this state, shall not he a defense against the payment of a life insurance policy, whether said suicide was voluntary .or involuntary, and whether said policy holder was sane .or insane.” It will be observed that said section, by the new enactment, is no longer a separate and independent enactment in and of itself, as was said'by Mr. Justice Bailey of the act of 1903, but is a component part of an entire chapter or code dealing generally with the subject of insurance, and subject to such limitations as are contained therein and applicable thereto. The first section of said chapter provides, “That in this act, unless the context otherwise requires, ‘Company’ or ‘Insurance Company’ shall include all corporations, partnerships, associations or individuals, engaged as principals in the insurance business, excepting fraternal and benevolent orders and societies,” and subdivision (1) of section 73 is as follows: ‘ ‘ The provisions of this act shall' not be construed so as to prevent any fraternal, religious or benevolent societies which conduct their business as fraternal societies, under the lodge system, * * * or to those which limit their certificate holders to a particular order or fraternity, from issuing indemnity to any person, against loss by death, siclméss or accident of any of its members; and such society shall not be held amenable under, or governed by any of the provisions of any of the *415 sections of this act pertaining to accident, health or „ life insurance.” * * * And if the contract or policy of insurance sued on herein had not be'en entered into prior to the passage of the act of 1907 mentioned, its effect upon this suit might and probably would be as now contended for by the defendant. But we think decision of the present suit does not depend upon, and is not controlled or affected by, the repeal of the 1903 statute. We cannot agree with counsel for appellant in his position that because the suicide statute is remedial, its repeal in 1907, subsequent to the contract of insurance and prior to the death of the insured, operated to make the defense of suicide available to the defendant in this case. The statute of 1903 not only made void and of no effect that portion of the policy or agree-' ment relative to death by suicide, thereby leaving the contract silent on that subject, but in legal contemplation the inhibition of the statute was substituted for the void clause and became an affirmative covenant, binding upon the parties, that as to that policy suicide could never be made a defense. — Jarman v. Knights Templars etc. Co., 95 Fed., 70, 73 Cravens v. N. Y. Life Ins. Co., 148 Mo., 583. Equitable Life Assurance Society v. Clements, 140 U. S., 226, 233. McCracken v. Hayward, 2 How., 608, 612. State v. Berning, 74 Mo., 87. And it is clear that such contract, with the statute so read into it, is not against sound morals, public policy, justice or right. —Whitfield v. Aetna Life Ins. Co., supra.
The object of the statute and.the legislative intent, as tersely expressed by the late Mr. Justice Harlan, in the Whitfield case, supra, was to “cut up by the roots” any defense grounded upon the fact *416 of suicide, and to make any inquiry as to suicide immaterial, and any contract, inconsistent .with, the statute, void. And as said by Mr. Justice Bailey in the Sloss case, supra, to declare that it is against public policy to permit insurance companies to contract against the payment of their policies because the insured carné to his death by his own hand.
Nor do we agree with counsel for appellant that the act of 1907 is to be taken as a legislative construction of the act of 1903, different from the construction placed thereon by the supreme court, and therefore to be accepted by the courts as the law; but rather, as a recognition of the law as interpreted and applied in the Chartrand and Knights of Honor cases as of practically universal application to insurance contracts, and a positive enactment limiting its prohibitive features thereafter to insurance companies other than those named in section 73 of the insurance code.
That the subsequent repeal of a statute, the provisions of which have become a constituent part of a contract such as this, will not be construed as retrospective in its operation, unless its terms clearly show a legislative intention that it should so operate, is so well settled as to have become elementary; and it is equally certain that in this state, and in others having like constitutional provisions, such statute, if it attempted to destroy the protective provisions of a former statute, would be in contravention of the constitution of the state, as well as of the provisions of the federal constitution which prohibit the states from passing any law impairing the obligation of contracts. — Gilliland et al. v. Phillips et al., 1 S. C., 152, 154. Robinson v. Barrows, *417 48 Me., 186. Ludlow v. Hardy, 38 Mich., 690, 692. Mays, admr. etc. v. Williams, 27 Ala., 267, 271. Wisdom v. Reeves, 110 Ala., 418, 430. Jarman v. Knights Templars etc. Co., supra.
The repeal of the prohibitive statute cannot make valid, or breathe vitality into, a contract that was' void when made because in violation of the statute. — Gilliland et al. v. Phillips et al., supra. Ludlow v. Hardy, supra. Nor can the statutory inhibition be waived, or abrogated by agreement of the parties made prior to or contemporaneous with the contract of insurance. — Head Camp Woodmen of the World et al. v. Sloss, supra. Whitfield v. Aetna Life Ins. Co., supra.
From what has been said it necessarily follows that the judgment of the trial court was right and must be affirmed, and it is therefore unnecessary to consider in this opinion the question so ably and exhaustively presented in the briefs of counsel as to the appellant’s having, by the pleadings and stipulated facts, shown itself to be within the class of associations exempted by sections 1 and 73 referred' to. Our conclusion must be understood-as applicable only to insurance contracts entered into prior to the taking effect of the insurance code. The judgment is affirmed.
Cunningham, J., not participating.