[No. 1316.]

THE STATE OF NEVADA, EX REL. C. C. STEVENSON, ET AL., RELATORS, *v.* GEORGE TUFLY, STATE TREASURER, RESPONDENT.

INVESTMENT OF SCHOOL FUNDS—STATUTE—UNCONSTITUTIONAL.—An act of the legislature, not authorized by the state constitution at the time of its passage, is absolutely null and void, and is not validated by a subsequent adoption of an amendment to the constitution authorizing it.

Application for *mandamus.*

The facts are stated in the opinion.

*S. Summerfield,* for Relators:

I. The submission of constitutional amendment number twenty-three by the legislature and its ratification by the people at the special election, held February eleventh, 1889, cured the constitutional defects in the statute of January eighteenth, 1887, and *per se* revitalized it. (*King* v. *Course,* 25 Ind. 202; *Commonw.* v. *Marshall,* 69 Penn. St. 328.)

II. If amendment number twenty-three is not self-operative, the instrumentality to carry its provisions into effect, to wit: A state board of education is provided by the legislature in the act of February twenty-first, 1871, are in *pari materia*. If the same rule of construction applies to constitutional amendments and statutes in *pari materia* as to statutes relating to the same subject-matter, amendment number twenty-three and the act of February twenty-first, 1871, should be so construed as to make each effective. (*Ford* v. *Hoover*, 5 Nev. 141; *Virginia & T. R. R. Co.* v. *Ormsby County*, 5 Nev. 341; *Davis* v. *Cook*, 9 Nev. 135; *State ex rel. Flack* v. *Rogers*, 10 Nev. 319.)

J. D. *Torreyson*, for Respondent.

By the Court, HAWLEY, C. J.

Application by relators, constituting the board of education, for *mandamus* to compel respondent, as state treasurer, to invest the sum of fifty thousand dollars of the state irreducible school fund in interest-bearing bonds of other states, pursuant to the provisions of an amendatory act providing for the safe-keeping of the securities of the state school fund, "approved January 18, 1887." (Stat. 1887, 17.)

The application must be denied, because there is no law authorizing such an investment to be made. The amendatory act upon which the application is based was passed under the belief that a proposed amendment to the constitution, authorizing such investment, had been legally adopted; but, owing to certain omissions of the legislature to make the necessary entries upon the journals of the respective houses, as required by the constitution, this court, in *State* v. *Tufly*, 19 Nev. 391, decided that "the amendment was not constitutionally adopted," and that "the statute enacted for the purpose of executing its provisions is unconstitutional." There is, therefore, no law upon which this application is based An act of the legislature which is not authorized by the state constitution at the time of its passage is absolutely null and void. It is a misnomer to call such an act a law. It has no binding authority, no vitality, no existence. It is as if it had never been enacted, and it is to be regarded as never having been possessed of any legal force or effect. (*Meagher* v. *County of Storey*, 5 Nev. 251; *State* v. *Rogers*, 10 Nev. 260; 21 Am. Rep. 738; Cooley Const. Lim. 227.) The

act being void, no subsequent adoption of an amendment to the constitution, authorizing the legislature to provide for such investment, would have the effect to infuse life into a thing that never had any existence; and, as the legislature failed to enact any law authorizing the investment of the school fund in the bonds of other states, after the vote was taken upon the constitutional amendment at the special election held February 11, 1889, there is nothing before us which requires or authorizes us to express any opinion upon the validity of that amendment. The only statute which authorizes any investment of the money in the school fund is that approved February 21, 1871, the fourth section of which was attempted to be amended by the unconstitutional act of 1887, and no investment of said fund can be made in any other manner than is provided for in that act. (Stat. 1871, 66; Gen. Stat. 1368.) *Mandamus* denied.