Whetstone v. Slonaker.

REMANDED, WITH DIRECTIONS.

---

WILLIAM WHETSTONE, APPELLANT, V. JOHN SLONAKER ET AL., APPELLEES.

FILED MAY 15, 1923. No. 22303.

1. **Criminal Law:** PROHIBITED LEGISLATION. Section 2, ch. 195, Laws 1905 (Comp. St. 1922, sec. 1194), in so far as it attempts to confer jurisdiction upon the county court to impose both a fine of $500 and

imprisonment in the county jail for six months, is unconstitutional and void.

2. **Constitutional Law:** Prohibited Legislation. An act of the legislature that is forbidden by the Constitution at the time of its passage is absolutely null and void, and is not validated by a subsequent amendment to the Constitution authorizing it to pass such an act.

Appeal from the district court for Brown county: Robert R. Dickson, Judge. *Reversed, with directions.*

*J. J. Harrington,* for appellant.

*Clarence A. Davis, Attorney General, John M. Cotton* and *D. R. Mounts,* contra.

Heard before Morrissey, C. J., Letton, Rose, Dean, Aldrich, Day and Good, JJ.

Good, J.

This is a proceeding commenced in the district court for Brown county by William Whetstone, petitioner, for a writ of habeas corpus. Petitioner alleges that he is unlawfully deprived of his liberty by the sheriff of said county and prays for his release. The sheriff admits the imprisonment and attempts to justify it. In his return he shows that in a prosecution before the county judge of said county, sitting as a juvenile court, petitioner was charged with the offense of contributing to the delinquency of a child. Petitioner was convicted as charged, and the county judge sentenced him to pay a fine of $500 and to serve six months in the county jail. It was from imprisonment under this sentence that petitioner applied for the writ of habeas corpus. The district court denied the writ, and petitioner has appealed.

Petitioner was prosecuted under section 1193, Comp. St. 1922, which was enacted as section 1, ch. 195, Laws 1905. Said section provides, for its violation, a penalty of a fine not exceeding $500 or imprisonment in the county jail for a period of not exceeding six months, or both such fine and imprisonment. Section 2 of said chapter 195 (Comp. St. 1922, sec. 1194) provides in part as follows: "The district and county courts in the

several counties shall have concurrent jurisdiction over all cases coming within the provisions of this article." If said section 1194 is valid, the county court was vested with jurisdiction to hear and determine the case and impose the penalty.

1. When said chapter 195 was enacted, the Constitution of 1875 contained a provision that county courts shall not have jurisdiction in criminal cases in which the punishment may exceed six months' imprisonment or a fine of over $500. We think it is too clear to admit of argument that the jurisdiction, attempted to be conferred by section 1194, Comp. St. 1922, being section 2, ch. 195, Laws 1905, is greater than was authorized by the Constitution. The power of the legislature was circumscribed by this constitutional provision. It was powerless to confer the jurisdiction which it attempted.

It is held in *Finders v. Bodle,* 58 Neb. 57, that an act of the legislature, passed in violation of the Constitution, is void from the date of its enactment, and that "An unconstitutional statute creates no new rights and abrogates no old ones. It is for all purposes as though it had never been passed."

It is held by the United States supreme court in *Norton v. Shelby County,* 118 U. S. 425, 442: "An unconstitutional act is not a law; it confers no rights; it imposes no duties; it affords no protection; it creates no office; it is, in legal contemplation, as inoperative as though it had never been passed."

Cooley in his work on Constitutional Limitations (7th ed.) at page 259, lays down the rule thus: "When a statute is adjudged to be unconstitutional, it is as if it had never been. Rights cannot be built up under it; contracts which depend upon it for their consideration are void; it constitutes a protection to no one who has acted under it, and no one can be punished for having refused obedience to it before the decision was made. And what is true of an act void *in toto* is true also as to any part of an act which is found to be unconstitutional, and

which, consequently, is to be regarded as having never, at any time, been possessed of any legal force."

It follows that said section 2, ch. 195, Laws 1905 (Comp. St. 1922, sec. 1194), in so far as it attempts to confer jurisdiction upon the county court to impose both a fine of $500 and imprisonment in the county jail for six months, is unconstitutional and void.

2. On September 21, 1920, the Constitution of the state was amended so that it now provides that county courts shall not have jurisdiction in criminal cases in which the punishment may exceed six months' imprisonment or a fine of over $500, or both. Const., art. V, sec. 16. Had chapter 195, Laws 1905, been enacted subsequent to the amendment to the Constitution, it would not be violative thereof. It is argued that the amendment to the Constitution has the effect of vitalizing a statute which was before inoperative. We think this position is not sound. The statute, in so far as it attempts to enlarge the jurisdiction of the county court, is not only inoperative, but is inert and was lifeless from its passage.

If the law-making body goes through the form of enacting a law, which it is prohibited by the Constitution from enacting, its action is wholly void and cannot be validated by a subsequent amendment to the Constitution so as to confer authority upon the legislature to pass such a law. *Seneca Mining Co. v. Osmun*, 82 Mich. 573; *Dewar v. People*, 40 Mich. 401; *Village of Mount Pleasant v. Vansice*, 43 Mich. 361; *Ex parte Sparks*, 120 Cal. 395; *Norton v. Shelby County, supra*.

"An act of the legislature, not authorized by the state Constitution at the time of its passage, is absolutely null and void, and is not validated by a subsequent adoption of an amendment to the Constitution authorizing it. *State v. Tufly*, 20 Nev. 427. To the same effect, *Fleming v. Hance*, 153 Cal. 162.

It follows, therefore, that section 2, ch. 195, Laws 1905 (Comp. St. 1922, sec. 1194) did not and does not

confer jurisdiction upon the county court to impose both a fine of $500 and imprisonment for six months in the county jail, and that the subsequent amendment to the Constitution does not have the effect of vitalizing such statute.

Petitioner is therefore unlawfully deprived of his liberty, and it was error for the district court to deny the writ of habeas corpus. The judgment of the district court is reversed and the cause remanded, with directions to allow the writ and release the petitioner from his unlawful imprisonment.

REVERSED.