537 So.2d 899 (1988)
Ex parte ILLINOIS CENTRAL GULF RAILROAD COMPANY.
(In re: Nelson KEENE
v.
ILLINOIS CENTRAL GULF RAILROAD COMPANY).
Ex parte CSX TRANSPORTATION, INC.
(In re: Kervin BALOM
v.
CSX TRANSPORTATION, INC.)
87-230, 87-6.
Supreme Court of Alabama.
September 23, 1988.
Rehearing Denied December 16, 1988.
L. Vastine Stabler, Jr., Michael C. Quillen, and Scott A. Spear of Cabaniss, Johnston, Gardner, Dumas & O'Neal, Birmingham, for petitioner CSX Transp., Inc.
Broox G. Holmes of Armbrecht, Jackson, DeMouy, Crowe, Holmes & Reeves, Mobile, and Oppenheimer, Wolff & Donnelly, St. Paul, Minn., for petitioner Illinois Cent. Gulf R. Co.
Clarence M. Small, Jr., and Norma Mungenast Lemley of Rives & Peterson, Birmingham, for respondent Kervin Balom.
Richard F. Sharrard of Pratt and Callis, East Alton, Ill., and Tyson & Tyson, Mobile, for respondent Nelson Keene.
Charles E. Sharp and Joel A. Williams of Sadler, Sullivan, Sharp & Stutts, Birmingham, for amici curiae Southern R. Co., Cent. of Georgia R. Co., and Burlington Northern R. Co.
Hobart A. McWhorter, Jr., and Joseph B. Mays, Jr., of Bradley, Arant, Rose & White, Birmingham, for amicus curiae Illinois Cent. Gulf R. Co., on behalf of CSX Trans., Inc.
PER CURIAM.
Petitioner Illinois Central Gulf Railroad ("I.C.G."), petitions for a writ of mandamus ordering the Circuit Court of Mobile County to grant I.C.G.'s motion to dismiss the *900 action pending against it. Petitioner CSX Transportation, Inc. ("CSX"), petitions for a similar writ of mandamus to the Circuit Court of Jefferson County. Both motions to dismiss are based on the doctrine of forum non conveniens and a recent amendment to Ala.Code 1975, § 6-5-430, adopting that doctrine. These cases were consolidated because they involve similar factual situations and the same questions of law.
On May 12, 1987, Nelson Keene filed suit in the Circuit Court of Mobile County against I.C.G., a Delaware corporation, for personal injuries sustained in McComb, Mississippi. Likewise, the Balom action involves a suit against a foreign corporation for personal injuries sustained in another state. Liability in these actions is premised on the Federal Employers' Liability Act ("F.E.L.A."), 45 U.S.C. §§ 51 et seq. Section 56 of the F.E.L.A. provides as follows:
"Under this chapter an action may be brought in a district court of the United States, in the district of the residence of the defendant, or in which the cause of action arose, or in which the defendant shall be doing business at the time of commencing such action. The jurisdiction of the courts of the United States under this chapter shall be concurrent with that of the courts of the several States."
As this section indicates, Alabama circuit courts have concurrent jurisdiction with federal courts under the F.E.L.A. That act expressly allows suit in any county where the defendant is doing business at the time of filing suit. The F.E.L.A. does not impose any convenience requirement regarding where a suit may be filed. Affidavits in support of the motions for dismissal indicate that the plaintiffs/respondents reside outside Alabama, that all necessary witnesses are in other states, and that no potential witnesses reside here.
The motions to dismiss for forum non conveniens were made pursuant to Ala. Code 1975, § 6-5-430, as amended June 11, 1987. That section provides in pertinent part:
"Whenever, either by common law or the statutes of another state or of the United States, a claim, either upon contract or in tort has arisen outside this state against any person or corporation, such claim may be enforceable in the courts of this state in any county in which jurisdiction of the defendant can be legally obtained in the same manner in which jurisdiction could have been obtained if the claim had arisen in this state; provided, however, the courts of this state shall apply the doctrine of forum non conveniens in determining whether to accept or decline to take jurisdiction of an action based upon such claim originating outside this state; and provided further that, if upon motion of any defendant it is shown that there exists a more appropriate forum outside this state, taking into account the location where the acts giving rise to the action occurred, the convenience of the parties and witnesses, and the interests of justice, the court must dismiss the action without prejudice." (Emphasis added.)
This section allows Alabama courts to dismiss an action under the doctrine of forum non conveniens, a procedure that was unavailable prior to the 1987 amendment.
The dispositive issue is whether a motion for dismissal made by a foreign corporation, based on the doctrine of forum non conveniens, is precluded by § 232 of the Constitution of the State of Alabama. Section 232, regarding foreign corporations doing business in Alabama, provides, in pertinent part:
"No foreign corporation shall do any business in this state without having at least one known place of business and an authorized agent or agents therein, and without filing with the secretary of state a certified copy of its articles of incorporation or association. Such corporation may be sued in any county where it does business, by service of process upon an agent anywhere in the state."
The first question to be addressed regards the ambit of § 232. Petitioners claim that § 232 merely imposes a jurisdictional *901 restriction and that Ala.Code 1975, § 6-5-430, as amended, is a venue provision and is therefore not in conflict. This Court said in City Stores Co. v. Williams, 287 Ala. 385, 388, 252 So.2d 45, 48 (1971):
"The terms `jurisdiction' and `venue' are often confused and loosely used. In its pure sense `jurisdiction' means the power of a court to entertain and consider a cause, and render a binding judgment therein. `Venue' refers to the court in which for the sake of convenience or policy considerations the cause is to be tried. Pepperell Mfg. Co. v. Alabama National Bank, 261 Ala. 665, 75 So.2d 665 (1954).
"In its broadest sense and considering its historical background, Section 232 in its origin would appear to be concerned primarily with jurisdiction over a foreign corporation rather than the venue of an action, though the inclusion of the words in Section 232, that a foreign corporation may be sued `in any county where it does business' partakes of venue.
"The loose use of `venue' and `jurisdiction' appears to result from the fact that in many of the cases the foreign corporation had qualified to do business in the state, or unquestionably was doing business in the state without qualifying to do so. No question of jurisdiction was really involved, only that of venue."
Justice Bouldin discussed the application of § 232 in Bolton v. White Motor Co., 239 Ala. 168, 194 So. 510 (1940). In that case the Court construed a provision of the Ala. Code of 1923 that purported to broaden venue opportunities against foreign corporations:
"The Constitution is self-executing, mandatory and restrictive; [it] limits the venue of an action against a foreign corporation which has qualified to do business in Alabama to a county where the corporation is doing business at the time of suit brought and service had. By its own force the Constitution strikes down the provision of the statute purporting to permit suits against a foreign corporation in a county where it was doing business at the time the cause of action arose. This clause of the statute is limited to actions against domestic corporations. Sullivan v. Sullivan Timber Co., 103 Ala. 371, 15 So. 941, 25 L.R.A. 543; General Motors Acceptance Corporation v. Home Loan & Finance Co., 218 Ala. 681, 120 So. 165; [(1929)] May, Sheriff et al. v. Strickland, 235 Ala. 482, 180 So. 93; [ (1938) ] Ex Parte Kemp et al., 232 Ala. 434, 168 So. 147. [(1936)]"
Bolton, 239 Ala. at 171, 194 So. at 51. Because § 232 of the Constitution of the State of Alabama is restrictive, the legislature was without authority to broaden venue against foreign corporations; therefore, the Court limited the application of the venue statute to domestic corporations.
Petitioners also contend that Alabama courts did not have in personam jurisdiction in suits against foreign corporations based on claims that arose in another state until the enactment of the predecessor to § 6-5-430 by the Alabama Legislature in 1907. (Acts 1907, Ex.Sess., No. 47, p. 67; Code 1923, § 5681.) They cite the following cases for that proposition: Central Railroad & Banking Co. v. Carr, 76 Ala. 388, 52 Am.Rep. 339 (1884), followed in, Louisville & N.R.R. v. Dooley, 78 Ala. 524 (1885); Iron Age Publishing Co. v. Western Union Tel. Co., 83 Ala. 498, 3 So. 449 (1887); Alabama Great Southern R.R. v. Chumley, 92 Ala. 317, 9 So. 286 (1890); Pullman Palace Car Co. v. Harrison, 122 Ala. 149, 25 So. 697 (1898); Dozier Lumber Co. v. Smith Isburg Lumber Co., 145 Ala. 317, 39 So. 714 (1905). A review of these cases reveals that they were based on theories of corporate presence that have long since been discarded. Collectively, they discuss whether an in personam action could be maintained against a foreign corporation under the relevant statutes.
Illustrative of this line of cases is Iron Age Publishing. In that case the Court said, "No sovereignty ... can extend its process beyond its own territorial limits, to subject either persons or property to its judicial decisions. Every exertion of authority of this sort beyond this limit is a mere nullity, and incapable of binding such person or property in any other tribunal." *902 83 Ala. at 506, 3 So. at 452, quoting J. Story, Conflict of Laws § 539.
Unlike the practice at the turn of the century, service of process can now be perfected by service on the registered agent of the foreign corporation, in accord with Rule 4 et seq., A.R.Civ.P. In personam jurisdiction exists when the agent has been served and the defendant has "sufficient contacts" with this state. The line of cases following Central Railroad & Banking Co. v. Carr, 76 Ala. 388, 52 Am.Rep. 339 (1884), held that Alabama courts did not have jurisdiction over foreign corporations in claims that arose outside Alabama, principally because service could not be perfected on the defendant. These cases reflected the common conception of the period that corporations "dwelled" in their place of incorporation and could not `migrate' to other states. While such a concept of corporate presence was appropriate in an age when travel was difficult and expensive, it cannot be justified in the current state of convenient and reliable means of communication and transportation. The Committee Comments to Rule 4.2, A.R. Civ.P., state:
"As a result of this expansion [of in personam jurisdiction], which has come about primarily because of the recognition of the increasing mobility and industrialization of American society which makes travel less of a hardship, service which a few years ago would have been considered obviously insufficient, is now considered valid. It is now generally recognized that if a defendant has certain `minimum contacts' with a forum state, and it is fair and reasonable to exercise jurisdiction under the circumstances, that due process is not violated by subjecting the defendant to jurisdiction in the forum state."
See International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed 95 (1945), and Perkins v. Benguet Consolidated Mining Co., 342 U.S. 437, 72 S.Ct. 413, 96 L.Ed 485 (1952). The petitioners involved in the present actions conduct business in Alabama, and it is both fair and reasonable to expect that they may be sued in this jurisdiction.
Alternatively, the petitioners argue that Alabama courts did not have subject matter jurisdiction over foreign causes of action until the enactment of the predecessor to § 6-5-430 in 1907. (Acts 1907, Ex. Sess., No. 47, p. 67; Code 1923, § 5681.) Petitioners contend that the 1907 statute precluded the application of the doctrine of forum non conveniens in civil actions filed in state court and that the 1987 amendment to § 6-5-430 simply granted a right that its predecessor precluded. Although this argument is persuasive in the abstract, it wholly ignores the effect of § 232. As a self-executing provision, § 232 prevents dismissal of a claim against a foreign corporation, without regard to any statute. As this Court said in Louisville & N.R. v. Strickland, 219 Ala. 581, 583, 122 So. 693, 695 (1929), "If it is a foreign corporation, the venue of an action against it, whatever be the nature of the action, is controlled by section 232 of the Constitution, which is self-executing." (Emphasis added.) Because of its constitutional stature, this venue provision has been described as "both inflexible and unalterable by the legislature." Ex parte Western Union Tel. Co., 200 Ala. 496, 497, 76 So. 438, 439 (1917). See also, General Motors Acceptance Corp. v. Home Loan & Finance Co., 218 Ala. 681, 120 So. 165 (1928).
In Western Union, this Court struck down a statute similar to § 6-5-430 that purported to limit the right to file suit in any county where the foreign corporation did business. The Court said:
"Suppose a foreign corporation to be doing business in every county in the state: the effect of the self-executing provision of the Constitution is to authorize suit against such corporation in any county in the state. For the Legislature to say that if the action is for a personal injury the suit can be brought, not in any one of the 67 counties, but in only 1 of 2that is, where the injury occurred, or where the plaintiff resideswould be, if not to place restrictions upon the self-executing provision, to apply the pruning knife too freely, to cut off 65 scions of his constitutional tree.

*903 "If it were a question of the policy or propriety of the law, we would not be prepared to say that the statute is objectionable in requiring this class of actions to be brought in one of the counties mentioned; but the question before us is not one of policy or propriety, but one of the power of the Legislature to alter or change a self-executing provision of the Constitution."
200 Ala. at 497-98, 76 So. at 439-40. Because § 232 is a self-executing provision, it conferred the right to file suit against a foreign corporation in any county where it does business. The passage of the statute in 1907, which purportedly granted that right, did not affect the earlier constitutional grant. The 1987 amendment, which modified the 1907 act by providing for the doctrine of forum non conveniens, likewise had no effect on the right granted in § 232. The Legislature is without power to alter a constitutional right through statutory change.
In McKnett v. St. Louis & San Francisco Ry., 292 U.S. 230, 54 S.Ct. 690, 78 L.Ed. 1227, reh. den., 292 U.S. 613, 54 S.Ct. 855, 78 L.Ed 1472 (1934), the Supreme Court held that Alabama could not deny jurisdiction in an action solely because the source of the law to be enforced was federal. That case involved an F.E.L.A. action that arose in Tennessee but was filed in Alabama. The Supreme Court said, "The privileges and immunities clause requires a state to accord to citizens of other states substantially the same rights of access to its courts as it accords to its own citizens." 292 U.S. at 231, 54 S.Ct. at 691. Subject matter jurisdiction in the present suits is premised on the F.E.L.A. The Alabama legislature is without the power, because of the mandates of § 232 of the constitution, to deny a plaintiff access to our judicial system when he seeks to litigate a claim against a foreign corporation. See McKnett v. St. Louis & San Francisco Ry.

Petitioners also contend that § 232 is permissive and not mandatory. Specifically, they claim that the language "may be sued in any county" does not indicate a mandatory intent on the part of the drafters. This argument is without merit, in light of the universal construction of that section under our case law. The mandatory nature of § 232 is reflected in the Committee Comments to Rule 82(c), A.R.Civ.P., which state:
"It should be noted that subdivision (c) cannot be applied in a suit against a foreign corporation so as to violate the constitution. Const. 1901, § 232, providing that a foreign corporation may be sued in any county in which it does business, has been held to be mandatory and restrictive, and not merely permissive. May v. Strickland, 235 Ala. 482, 180 So. 93 (1938)."
See Ex parte Hawkins, 497 So.2d 825 (Ala. 1986).
Petitioners also raise many policy arguments in favor of applying the doctrine of forum non conveniens in the present cases. While this Court is quite aware of the burden cases such as these impose upon the litigants and witnesses, not to mention the burden they impose on our dockets, we must nonetheless adhere to the mandate of § 232 of the constitution. As we said in Ex parte Southern Bell Tel. & Tel. Co., 267 Ala. 139, 142, 99 So.2d 118, 121 (1957):
"[I]t is self-evident that inconvenience to witnesses and increased expenses of trial are a necessary result of permitting a foreign corporation to be sued in any county where it does business. Such consequences are inevitable. Certainly, this fact was apparent to the members of the constitutional convention and to the people of this state who voted for the adoption of the constitution.
"For this reason, we believe, it was not the intention of the framers of our organic law to permit this provision to be nullified by allowing the trial court to dismiss or to transfer a cause on the ground that there exists a more appropriate place of trial than the present forum. But to the contrary, the intent of the makers and adopters of the constitution was to permit the plaintiff to choose his forum without regard to inconvenience to *904 witnesses or added expense in suits instituted against foreign corporations."
Although Ala.Code 1975, § 6-5-430, as amended on June 11, 1987, applies on its face to foreign corporations, the language of that section cannot be given that effect in light of § 232 of the constitution of the State of Alabama. The constitution grants the right to sue a foreign corporation in any county where it does business, without reference to any statute.
An amendment to § 232 of the constitution has been adopted during the pendency of these petitions for writs of mandamus. Amend. No. 473, proposed by Act No. 87-164, 1987 Ala.Acts at 224, proclaimed ratified April 1, 1988. No contention is made with regard to the effect of this amendment, and we express no opinion with respect thereto.
For the above stated reasons, the writs are due to be, and they are hereby, denied.
WRITS DENIED.
JONES, ALMON, SHORES, BEATTY and ADAMS, JJ., concur.
TORBERT, C.J., and MADDOX, HOUSTON and STEAGALL, JJ., concur in result.
TORBERT, Chief Justice (concurring in the result).
I concur in the result for the reasons set forth by Justice Houston.
See also, Vandergriff v. Southern Ry., 537 So.2d 904 (Ala.1988) (Torbert, C.J., dissenting).
STEAGALL, J., concurs.
HOUSTON, Justice (concurring in the result).
I concur in the result, but not for any of the reasons stated in the majority opinion. These actions were filed prior to June 11, 1987, the effective date of the recent amendment of Ala.Code 1975, § 6-5-430 (Supp.1987). (Acts of Alabama 1987, No. 87-182). The Act did not specifically provide for retroactive application; therefore, in my opinion, it would not apply to actions that were pending on June 11, 1987.
See, Vandergriff v. Southern Ry., 537 So.2d 904 (Ala. 1988) (Houston, J., dissenting).
MADDOX, J., concurs.