PETITION FOR WRIT OF MANDAMUS*
* Thirty-eight other petitions for writ of mandamus have been consolidated with this for purposes of writing one opinion. These cases are:
88-839 Ex Parte Southern Railway Company, a corporation (In re: David L. Pharr v. Southern Railway Company, a corporation (CV-88-3771))
88-840 Ex Parte Southern Railway Company, a corporation (In re: Lawrence W. Grooms v. Southern Railway Company, a corporation (CV-88-2973))
88-841 Ex Parte Illinois Central Gulf Railroad Company, a corporation (In re: James L. Rawson v. Illinois Central Gulf Railroad Company, a corporation (CV-88-4439))
88-842 Ex Parte Southern Railway Company, a corporation (In re: Roy S. Loveday v. Southern Railway Company, a corporation (CV-88-7832))
88-843 Ex Parte Southern Railway Company, a corporation (In re: Guy H. Stephens v. Southern Railway Company, a corporation (CV-88-6250))
88-844 Ex Parte Southern Railway Company, a corporation (In re: Dennis J. Moore v. Southern Railway Company, a corporation (CV-88-4958))
88-845 Ex Parte Southern Railway Company, a corporation (In re: Thelbert Draughn v. Southern Railway Company, a corporation (CV-88-2432))
88-846 Ex Parte Southern Railway Company, a corporation (In re: Doyle E. Copeland v. Southern Railway Company, a corporation (CV-88-2552))
88-847 Ex Parte Southern Railway Company, a corporation (In re: George R. Rogers v. Southern Railway Company, a corporation (CV- 88-3691))
88-848 Ex Parte Southern Railway Company, a corporation (In re: Whit Davis v. Southern Railway Company, a corporation (CV-88-7258))
88-849 Ex Parte CSX Transportation, Inc. (In re: Frank R. Coleman v. CSX Transportation, Inc. (CV-88-5422))
88-850 Ex Parte Southern Railway Company and Norfolk Southern Corporation (In re: Frank R. Coleman v. Southern Railway Company and Norfolk Southern Corporation (CV-88-4101))
88-851 Ex Parte Burlington Northern Railroad (In re: Wayne Robbins v. Burlington Northern Railroad (CV-88-6860))
88-852 Ex Parte Burlington Northern Railroad (In re: Thomas L. Pate v. Burlington Northern Railroad (CV-88-6729))
88-853 Ex Parte CSX Transportation, Inc. (In re: Ramona K. Bowling v. CSX Transportation, Inc. (CV-88-6200))
88-854 Ex Parte CSX Transportation, Inc. (In re: Kenneth V. Tyre v. CSX Transportation, Inc. (CV-88-7830))
88-855 Ex Parte CSX Transportation, Inc. (In re: Ernest P. Hall v. CSX Transportation, Inc. (CV-88-6900))
88-856 Ex Parte CSX Transportation, Inc. (In re: Herbert A. Troxell v. CSX Transportation, Inc. (CV-88-6894))
88-857 Ex Parte CSX Transportation, Inc. (In re: Dennis L. Miller v. CSX Transportation, Inc. (CV-88-6602))
88-858 Ex Parte CSX Transportation, Inc. (In re: Larry M. Lovett v. CSX Transportation, Inc. (CV-88-6873))
88-859 Ex Parte CSX Transportation, Inc. (In re: Preston D. Eakle v. CSX Transportation, Inc. (CV-88-6983))
88-860 Ex Parte CSX Transportation, Inc. (In re: Henry L. Lewis v. CSX Transportation, Inc. (CV-88-6897))
88-861 Ex Parte CSX Transportation, Inc. (In re: William F. Hemp v. CSX Transportation, Inc. (CV-88-7672))
88-862 Ex Parte CSX Transportation, Inc. (In re: Charles E. Ranscheart v. CSX Transportation, Inc. (CV-88-6898))
88-863 Ex Parte CSX Transportation, Inc. (In re: Timothy R. Wright v. CSX Transportation, Inc. (CV-88-7802))
88-864 Ex Parte CSX Transportation, Inc. (In re: Walter C. Simmons v. CSX Transportation, Inc. (CV-88-6859))
88-865 Ex Parte CSX Transportation, Inc. (In re: Charles Carmen v. CSX Transportation, Inc. (CV-88-6899))
88-866 Ex Parte CSX Transportation, Inc. (In re: John Stillwell v. CSX Transportation, Inc. (CV-88-6896))
88-867 Ex Parte CSX Transportation, Inc. (In re: Elmer E. Fehr v. CSX Transportation, Inc. (CV-88-6895))
88-868 Ex Parte CSX Transportation, Inc. (In re: Paul B. William v. CSX Transportation, Inc. (CV-88-1938))
88-869 Ex Parte CSX Transportation, Inc. (In re: Elias M. Fletcher v. CSX Transportation, Inc. (CV-88-3350))
88-870 Ex Parte CSX Transportation, Inc. (In re: Venancio R. Rupinta v. CSX Transportation, Inc. (CV-88-5466))
88-871 Ex Parte CSX Transportation, Inc. (In re: Gary R. McDaniel v. CSX Transportation, Inc. (CV-88-4273))
88-872 Ex Parte CSX Transportation, Inc. (In re: S.L. Parker v. CSX Transportation, Inc. (CV-88-6249))
88-873 Ex Parte CSX Transportation, Inc. (In re: Randy Chaney v. CSX Transportation, Inc. (CV-88-7685))
88-874 Ex Parte CSX Transportation, Inc. (In re: Harold D. Bowling v. CSX Transportation, Inc. (CV-88-2577))
88-875 Ex Parte CSX Transportation, Inc. (In re: James A. Meade v. CSX Transportation, Inc. (CV-88-7710))
88-876 Ex Parte CSX Transportation, Inc. (In re: Paul A. Cawthon v. CSX Transportation, Inc. (CV-88-4998))
The petitioners, CSX Transportation, Inc., Burlington Northern Railroad Company, *Page 1084 
Illinois Central Gulf Railroad Company, Southern Railway Company, and Norfolk Southern Corporation, are all foreign corporations qualified to do business in Alabama, who were doing business by agent in Jefferson County, Alabama, at the time each of these suits was filed. The respondents are all persons who are nonresidents of Alabama; they are seeking monetary damages under the Federal Employers Liability Act,45 U.S.C. § 51 et seq. (F.E.L.A.), for personal injuries suffered in accidents that occurred outside Alabama.
Each respondent filed a complaint in the Jefferson County Circuit Court after the Alabama legislature had made certain changes in the law relating to venue of actions. The petitioners, as defendants, moved to dismiss these complaints, asserting that dismissal was required either by Amendment 473 to the Ala. Const. 1901, or in the alternative, by Act No. 87-182, Ala. Acts 1987. The trial judge denied the motions to dismiss, and the defendants then filed these petitions for writs of mandamus.
Three companion bills were introduced in the 1987 session of the Alabama legislature by the identical 60 co-sponsors. House Bill No. 24 passed the House on April 28, 1987, and the Senate on May 14, 1987, and became Act No. 87-164, Ala. Acts 1987. It proposed an amendment to Article XII, § 232, of the Constitution of 1901. On March 8, 1988, the voters of the State of Alabama approved that amendment to Article XII, § 232, of the 1901 Constitution of Alabama (proclaimed ratified April 1, 1988). Before the amendment, § 232 of the Alabama Constitution provided:
 "No foreign corporation shall do any business in this state without having at least one known place of business and an authorized agent or agents therein, and without filing with the secretary of state a certified copy of its articles of incorporation or association. Such corporation may be sued in any county where it does business, by service of process upon an agent anywhere in the state. . . ." (Emphasis added.)
Amendment 473, amending § 232, deleted the language emphasized above and substituted the following emphasized language, so that after the amendment § 232 reads as follows:
 "No foreign corporation shall do business in this state without having at least one known place of business and an authorized agent or agents therein, and without filing with the secretary of state a certified copy of its articles of incorporation or association. Any foreign corporation, whether or not such corporation has qualified to do business in this state by filing with the secretary of state a certified copy of its articles of incorporation or association, may be sued only in those counties where such suit would be allowed if the said foreign corporation were a domestic corporation. . . ." (Emphasis added.)
House Bill No. 25 became Act No. 87181, Ala. Acts 1987. It was approved on June 11, 1987, and it reads in its entirety as follows:
"AN ACT
 "To provide that any court of general jurisdiction shall, for the convenience of parties and witnesses, or in the interest of justice, transfer a civil action to any other court of general jurisdiction in Alabama in which the civil action might properly have been filed; to provide that *Page 1085 
any such transferred action shall proceed as though it had been originally filed in the second court; to provide that the right to move for a change or transfer of venue pursuant to this Act is cumulative and in addition to the rights of a defendant under Alabama Code (1975) Section 6-3-20, Section 6-3-21 or Alabama Rules of Civil Procedure; to provide for the repeal of inconsistent laws or parts of laws; to provide for the severability of this Act; to provide that this act shall not apply to any civil action pending on its effective date; and to provide the manner in which this bill becomes law. "Be It Enacted by the Legislature of Alabama:
"Section 1. Change or Transfer of Venue.
 "(a) With respect to civil actions filed in an appropriate venue, any court of general jurisdiction shall, for the convenience of parties and witnesses, or in the interest of justice, transfer any civil action or any claim in any civil action to any court of general jurisdiction in which the action might have been properly filed and the case shall proceed as though originally filed therein. Provided, however, this act shall not apply to cases subject to Section 30-3-5 of the Code of Alabama 1975.
 "(b) The right of a party to move for a change or transfer of venue pursuant to this statute is cumulative and in addition to the rights of a party to move for a change or transfer of venue pursuant to Alabama Code (1975) Section 6-3-20, Section 6-3-21 or Alabama Rules of Civil Procedure Rule.
 "Section 2. All other laws, or parts of laws, which are in any manner inconsistent with this Act are repealed to the extent that they are inconsistent with this Act.
 "Section 3. If any section, clause, provision, or portion of this Act shall be held invalid or unconstitutional by any court of competent jurisdiction, such holding shall not affect any other section, clause, or provision of this Act which is not in and of itself invalid or unconstitutional.
 "Section 4. This Act shall not apply to any civil action pending on the effective date of this Act.
 "Section 5. This Act shall become effective immediately upon its passage and approval by the Governor, or upon its otherwise becoming law."
Act No. 87-181, Ala. Acts 1987, was codified as Code 1975, § 6-3-21.1.
House Bill No. 26 became Act No. 87182, Ala. Acts 1987; it became law on June 11, 1987. It amended Code 1975, §6-5-430, which before the passage of Act No. 87-182 read as follows:
 "Whenever either by common law or the statutes of another state or of the United States, a claim, either upon contract or in tort has arisen outside this state against any person or corporation, such claim may be enforceable in the courts of this state in any county in which jurisdiction of the defendant can be legally obtained in the same manner in which jurisdiction could have been obtained if the claim had arisen in this state."
Act No. 87-182 added the following provisos to § 6-5-430:
 ". . . provided, however, the courts of this state shall apply the doctrine of forum non conveniens in determining whether to accept or decline to take jurisdiction of an action based upon such claim originating outside this state; and provided further that, if upon motion of any defendant it is shown that there exists a more appropriate forum outside this state, taking into account the location where the acts giving rise to the action occurred, the convenience of the parties and witnesses, and the interests of justice, the court must dismiss the action without prejudice. Such dismissal may be conditioned upon the defendant or defendants filing with the court a consent (i) to submit to jurisdiction in the identified forum, or (ii) to waive any defense based upon a statute of limitations if an action on the same cause of action is commenced in the identified forum within 60 days of the dismissal." *Page 1086 
Section 6-5-430, as amended by this Act retains the right of the courts of this state to adjudicate claims, either upon contract or upon tort, which arise outside the state against any person or corporation in any county in which jurisdiction over the defendant can be legally obtained. It requires the courts, however, to apply the doctrine of forum non conveniens in determining whether to accept or decline to take jurisdiction of any action based upon a claim arising outside the state. The application of the doctrine of forum non conveniens to a claim arising outside the State of Alabama is new to Alabama jurisprudence. This legislation requires the courts to apply this doctrine to all suits brought on a foreign cause of action, without regard to whether the defendant is a foreign corporation or a domestic corporation or whether the defendant is a resident of the State of Alabama or a non-resident. If the court, in its discretion, determines that the doctrine of forum non conveniens requires it, the court will decline to exercise its jurisdiction and dismiss the action.
Its companion act, Act No. 87-181, provides, not for the dismissal of the cause, but for the transfer of a civil action filed in an appropriate venue "for the convenience of the parties and witnesses, or in the interest of justice." §6-3-21.1. This has application to causes of action whether they arise within the State of Alabama or outside the state, without regard to whether the defendant is a foreign corporation or a domestic corporation or whether the defendant is a resident of the State of Alabama or is a non-resident. This act contemplates proper venue in more than one Alabama county. It contemplates transfer of venue from a county in Alabama where venue is proper to another county within the state where venue is also proper, but more convenient for the parties and witnesses.
Both statutes proceed from the premise that the courts in which the plaintiff elects to bring suit have jurisdiction of the subject matter and have personal jurisdiction over the defendant. Section 6-5-430 merely requires the trial court to consider whether to accept or decline to take jurisdiction after applying the doctrine of forum non conveniens. After applying that doctrine, the trial court is left with discretion to decide whether to exercise or decline to exercise its jurisdiction.
In making that determination, the court considers the convenience of the parties and witnesses, the location of the evidence, and any other matter in order to assess the degree of actual difficulty and hardship that will result to the defendant in litigating the case in the forum chosen by the plaintiff. If it concludes that justice so requires, it may decline to exercise its jurisdiction and may dismiss the complaint. Section 6-3-21.1, upon motion for change of venue by a defendant, requires a similar determination by the trial court, which may transfer the cause to another county in Alabama in which venue is likewise proper.
Against this constitutional and statutory background, the petitioners argue: "The amending of the Constitution has terminated, withdrawn and ended the jurisdiction of the circuit courts to adjudicate the rights of a foreign corporation qualified to do business in Alabama against [its] will unless the accident happened in Alabama or the plaintiff is a resident of the State of Alabama." The petitioners contend that the amendment to the constitution requires foreign and domestic corporations to be treated identically insofar as venue is concerned. Code 1975, § 6-3-7, provides that suits for personal injuries brought against a domestic corporation must be brought in the county where the injury occurred or in the county where the plaintiff resides, if the corporation does business by agent in the county of the plaintiff's residence. Therefore, the argument goes, because a domestic corporation could compel the dismissal of these suits because they were not commenced in the county where the injury occurred or where the plaintiffs reside, these petitioners are entitled to have the suits dismissed because they are constitutionally entitled to the same treatment as domestic corporations.
We reject this argument. We agree that the constitution as amended extends to foreign corporations the same treatment afforded domestic corporations in determining venue, but we do not agree that a domestic corporation under these facts *Page 1087 
would be entitled to have these suits dismissed. The statute limiting venue for personal injury actions against domestic corporations (§ 6-3-7) does not apply to nonresident plaintiffs suing a domestic corporation (or a foreign corporation) on a foreign transitory cause of action. SeeLouisville Nashville R.R. v. Laney, 14 Ala. App. 287,69 So. 993 (1915), and Watford v. Ala.-Fla. LumberCo., 152 Ala. 178, 44 So. 567 (1907). These two decisions refute the contentions of the petitioners that unless the injury occurs in Alabama or the plaintiff resides in a county in which the defendant does business, Alabama courts have no jurisdiction to adjudicate a transitory cause of action.
Petitioners argue that because § 6-3-7 does not specify venue for a nonresident's action against a domestic corporation based on a foreign personal injury cause of action, the action may not be maintained. The argument confuses jurisdiction and venue.
The circuit courts of Alabama are courts of general jurisdiction in all cases except as may otherwise be provided by law. Alabama Constitution, Amendment 328, § 6.04. The actions involved in this litigation are transitory causes of action and unquestionably may be maintained in Alabama courts by virtue of Code 1975, § 6-5-430, which, until amended by Act No. 87-182, read in pertinent part:
 "Whenever either by common law, or the statutes of another state, a claim, either upon contract or in tort, has arisen in such other state against any person or corporation, such claim shall be enforceable in the courts of this state in any county in which jurisdiction of the defendant can be legally obtained in the same manner in which jurisdiction could have been obtained if the claim had arisen in this state."
This part of the statute, like § 6-3-7, has been the law since 1907. This Court has consistently held that under §6-5-430 the circuit courts have no discretion to accept or decline jurisdiction, Ex parte State ex rel. SouthernRy., 254 Ala. 10, 47 So.2d 249 (1950); Central ofGeorgia Ry. v. Phillips, 286 Ala. 365, 240 So.2d 118
(1970), and that is true notwithstanding the fact that both parties may reside in a foreign state and that the cause of action accrued outside the State of Alabama. Hall v.Milligan, 221 Ala. 233, 128 So. 438 (1930). Until the 1987 amendment, the statute did no more than restate the common law, which holds that a transitory cause of action may be filed in any court that has in personam jurisdiction of the defendant, regardless of where the cause of action arose or where the parties reside. Pennoyer v. Neff, 95 U.S. 714,24 L.Ed. 565 (1878). A court has jurisdiction of a claim if it has the power "to entertain and consider the cause and render a binding judgment therein." City Stores Co. v.Williams, 287 Ala. 385, 388, 252 So.2d 45 (1971). That power comes from having both subject matter jurisdiction and in personam jurisdiction. Subject matter jurisdiction refers to the nature of the cause of action and the relief sought. In personam jurisdiction refers to the court's jurisdiction over the particular parties.
A personal injury claim is a transitory cause of action, i.e., it is one that might have arisen anywhere. "The characteristic feature of a transitory action is that the right of action follows the person of the defendant." 21 C.J.S.Courts § 38 at 47 (1940). A transitory cause of action can be instituted in any court that has in personam jurisdiction of the defendant, regardless of where the cause of action arises, and regardless of the fact that both parties may reside in a state other than that in which the cause of action arises. 20 Am.Jur.2d Courts, § 123 at 478 (1965).
We are cited to a line of cases that arguably stand for the proposition that Alabama courts did not have jurisdiction to entertain suits against foreign corporations based upon claims that arose in another state until the adoption of Act No. 47, Ala. Acts 1907, Ex.Sess., p. 67, codified at § 5681, Code 1923, and now at § 6-5-430, Code 1975. We addressed this contention in Ex parte Illinois Central Gulf R.R.,537 So.2d 899 (Ala. 1988), and we observed there that collectively these cases[1] discuss *Page 1088 
the authority of the state to obtain in personam
jurisdiction over a foreign corporation where the cause of action sued upon arose outside the state. These cases were concerned with the extension of service of process beyond the territorial boundaries of the state.
These concerns have long since been quieted. As the Court said in Ex parte Illinois Central Gulf R.R.:
 "A review of these cases reveals that they were based on theories of corporate presence that have long since been discarded. Collectively, they discuss whether an in personam action could be maintained against a foreign corporation under the relevant statutes.
 "Illustrative of this line of cases is Iron Age Publishing. In that case the Court said, 'No sovereignty . . . can extend its process beyond its own territorial limits, to subject either persons or property to its judicial decisions. Every exertion of authority of this sort beyond this limit is a mere nullity, and incapable of binding such person or property in any other tribunal.'
 "83 Ala. at 506, 3 So. at 452, quoting J. Story, Conflict of Laws § 539.
 "Unlike the practice at the turn of the century, service of process can now be perfected by service on the registered agent of the foreign corporation, in accord with Rule 4 et seq., A.R.Civ.P. In personam
jurisdiction exists when the agent has been served and the defendant has 'sufficient contacts' with this state. The line of cases following Central Railroad Banking Co. v. Carr, 76 Ala. 388, 52 Am.Rep. 339 (1884), held that Alabama courts did not have jurisdiction over foreign corparations in claims that arose outside Alabama, principally because service could not be perfected on the defendant. These cases reflected the common conception of the period that corporations 'dwelled' in their place of incorporation and could not 'migrate' to other states. While such a concept of corporate presence was appropriate in an age when travel was difficult and expensive, it cannot be justified in the current state of convenient and reliable means of communication and transportation. The Committee Comments to Rule 4.2, A.R.Civ.P., state:
 " 'As a result of this expansion [of in personam jurisdiction], which has come about primarily because of the recognition of the increasing mobility and industrialization of American society which makes travel less of a hardship, service which a few years ago would have been considered obviously insufficient, is now considered valid. It is now generally recognized that if a defendant has certain "minimum contacts" with a forum state, and it is fair and reasonable to exercise jurisdiction under the circumstances, that due process is not violated by subjecting the defendant to jurisdiction in the forum state.'
 "See International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), and Perkins v. Benguet Consolidated Mining Co., 342 U.S. 437, 72 S.Ct. 413, 96 L.Ed. 485 (1952). The petitioners involved in the present actions conduct business in Alabama, and it is both fair and reasonable to expect that they may be sued in this jurisdiction."
537 So.2d 899, 901-02 (Ala. 1988).
There is no question of in personam jurisdiction involved in this case. All of the defendants/petitioners are either qualified to do business in Alabama, and accordingly have a designated agent for service of process, or actually do business by an agent in Alabama upon whom service of process has been perfected. That being so, there is no basis for the argument that the courts of Alabama lack jurisdiction to entertain these F.E.L.A. cases.
We turn now to the question of what is the proper venue for these actions, affording to these petitioners the same rights to which a domestic corporation would be entitled. Section6-3-7 provides *Page 1089 
that either a foreign or a domestic corporation may be sued in any county in which it does business by agent. These corporations were undeniably doing business by agent in Jefferson County at the time the causes of action sued upon arose. Therefore, venue is not improper in Jefferson County.
The suits are being brought under the F.E.L.A. One section of the F.E.L.A., 45 U.S.C. § 56, provides as follows:
 "Under this chapter an action may be brought in a district court of the United States, in the district of the residence of the defendant, or in which the cause of action arose, or in which the defendant shall be doing business at the time of commencing such action. The jurisdiction of the courts of the United States under this chapter shall be concurrent with that of the courts of the several states."
The F.E.L.A. venue provisions apply to both domestic and foreign corporations alike. Pursuant to the F.E.L.A., venue is proper in Jefferson County, because these petitioners were doing business in Jefferson County at the time these suits were filed.
Ex parte Illinois Central Gulf R.R., 537 So.2d 899
(Ala. 1988), and Vandergriff v. Southern Ry.,537 So.2d 904 (Ala. 1988), held that foreign railroad corporations were not entitled to dismissal of F.E.L.A. cases based on Act No. 87-182, because § 232 of the constitution granted a "right to sue a foreign corporation in any county where it does business, without reference to any statute." Ex parteIllinois Central Gulf R.R., 537 So.2d 899 at 904. Act No. 87-182 was passed before Amendment 473 to the constitution was adopted and proclaimed ratified. Those cases held that the legislature was without the power to alter the constitutional right to maintain those actions guaranteed by § 232 of the Alabama constitution. The question in those two cases was whether the foreign corporate defendants could invoke the provisions of Act No. 87-182, which require the courts to apply the doctrine of forum non conveniens to determine whether to accept or decline jurisdiction of a claim arising outside the state. Those two cases held that the unamended § 232 of the constitution established venue over foreign corporations and that that section foreclosed the legislature's ability to change venue in a suit against a foreign corporation by the provisions of Act No. 87-182. Thus, Act No. 87-182 was held to have no application to a suit against a foreign corporation, because, before its amendment, § 232 of the constitution prevented it.
The question now becomes: Does the subsequent adoption of Amendment 473 to the constitution now permit Act No. 87-182 a field of operation in a case in which foreign corporations are sued in Alabama on a cause of action accruing elsewhere?
It is generally recognized that
 "[a]n act of a legislature not authorized by the constitution at the time of its passage is absolutely void, and, if not reenacted, is not validated by a subsequent amendment to the constitution or by the adoption of a new constitution which merely permits the passage of such an act. . . ."
Bucher v. Powell County, 180 Mt. 145, 589 P.2d 660,662 (1979), quoting C.J.S. Constitutional Law § 45 (1984) at 141; Porto Rico Brokerage Co. v. UnitedStates, 22 C.C.P.A. 236, 71 F.2d 469 (1934);Stockyards Nat'l Bank v. Bauman, 5 F.2d 905, 906-07
(8th Cir. 1925); City of Little Rock v. Cavin,238 Ark. 333, 381 S.W.2d 741 (1964); Banaz v. Smith, 133 Cal. 102,65 P. 309 (1901); State v. Bates, 305 N.W.2d 426
(Iowa 1981); State v. O'Malley, 342 Mo. 641,117 S.W.2d 319 (1938); In re Graves, 325 Mo. 888,30 S.W.2d 149 (1930); State ex rel. Woodahl v. DistrictCourt, 162 Mont. 283, 511 P.2d 318 (1973); Whetstonev. Slonaker, 110 Neb. 343, 193 N.W. 749 (1923);Fellows v. Shultz, 81 N.M. 496, 469 P.2d 141 (1970);Paluck v. Board of County Comm'rs, Stark County,307 N.W.2d 852, 855 (N.D. 1981); and State v. Chaney,23 Okla. 788, 102 P. 133 (1909).
The rationale underlying such a rule is explained inWhetstone v. Slonaker:
 "It is held in Finders v. Bodle, 58 Neb. 57, 78 N.W. 480, that an act of the Legislature, passed in violation of the Constitution, is void from the date of its enactment, and — *Page 1090 
 " 'An unconstitutional statute creates no new rights and abrogates no old ones. It is for all purposes as though it had never been passed.'
"It is held by the United States Supreme Court in Nortonv. Shelby County, 118 U.S. 425, 442, 6 Sup.Ct. 1121, 1125
(30 L.Ed. 178), that —
 " 'An unconstitutional act is not a law; it confers no rights; it imposes no duties; it affords no protection; it creates no office; it is, in legal contemplation, as inoperative as though it had never been passed.'
"Cooley in his work on Constitutional Limitations (7th Ed.) at page 259, lays down the rule thus:
 " 'When a statute is adjudged to be unconstitutional, it is as if it had never been. Rights cannot be built up under it; contracts which depend upon it for their consideration are void. . . . And what is true of an act void in toto is true also as to any part of an act which is found to be unconstitutional, and which, consequently, is to be regarded as having never, at any time, been possessed of any legal force.' "
Id., 110 Neb. at 345, 193 N.W. at 749.
We adhere to this general rule, but Act No. 87-182 was not declared null and void by Ex parte Illinois Central GulfR.R. and Vandergriff v. Southern Ry. Act No. 87-182 addresses a broader subject than the narrower one addressed in those two cases. That act requires the courts to apply the doctrine of forum non conveniens in all instances where suit is brought in Alabama on a cause of action originating outside the State of Alabama. It is not limited in this regard to suits against foreign corporations, so it had a field of operation after Ex parte Illinois CentralGulf and Vandergriff held that § 232, before its amendment, precluded its application to a suit against a foreign corporation.
Therefore, we must decide whether a subsequent constitutional amendment removing this constitutional restraint now permits application of this legislation to suits against foreign corporations, as well as domestic corporations, where the cause of action arose outside the State of Alabama.
We have been cited to Alabama cases recognizing two exceptions to the general rule that subsequent amendments to a constitution cannot revive a statute that is ineffective because of constitutional deficiencies that existed when the statute was passed. The first exception is applicable where the subsequent constitutional amendment by clear and express terms validates and confirms the statute that had been invalid on account of its failure to comply with constitutional provisions that existed at the time of its passage. Bonds v. StateDept. of Revenue, 254 Ala. 553, 49 So.2d 280 (1950). The second applies where the statute by its very terms does not become effective until a proposed constitutional amendment is adopted. Opinion of the Justices No. 28, 227 Ala. 291,149 So. 776 (1933); Opinion of the Justices No. 29,227 Ala. 296, 149 So. 781 (1933).
We now recognize a third exception to the general rule: Where a statute is enacted in anticipation of a constitutional amendment offered simultaneously with it, and the statute and the proposed amendment are debated and considered together in the same session of the legislature, the subsequent adoption of the amendment by a vote of the people will serve to validate the statute. 16 C.J.S., Constitutional Law, § 45 (1984). Here the constitutional proscription that restricted the legislature's authority to make the doctrine of forum non conveniens applicable to foreign corporations has been eliminated by a vote of the people on a constitutional amendment that was introduced in and passed in the same session of the legislature as the act sought to be applied to these foreign corporate defendants. In enacting the proposed amendment, it was widely publicized and generally known that the legislature was addressing the problem that Act No. 87182 sought to cure. Amendment 473 was initiated by a bill that became Act No. 87-164 in the same session of the legislature. Its sponsors were the same as the sponsors of the bill that became Act No. 87-182. There was implicit in the process a legislative intent to hinge operation of the amendment to §6-5-430 upon the voters' approval of Amendment 473. Thus the amendment of § 232 removed the limitation *Page 1091 
on the legislature's authority, and it became free to direct the trial courts to apply the doctrine of forum non conveniens to suits against foreign corporations.
Accordingly, we hold that § 6-5-430, as amended by Act No. 87-182, requires trial courts of this state to apply the doctrine of forum non conveniens in deciding whether to exercise or decline to exercise jurisdiction over a cause of action accruing outside this state. However, this holding should be applied with caution, and for good reason. The statute mandates that the court take into account "the location where the acts giving rise to the action occurred, the convenience of the parties and witnesses, and the interests of justice," but whether to dismiss the case is discretionary with the court. Only when all factors are positively found to require dismissal should a case be dismissed.
Section 6-5-430 authorizes jurisdiction over foreign causes of action and applies equally to foreign and domestic corporations. Amendment 473 to the constitution makes venue rules the same for domestic and foreign corporations. Therefore, under the present state of the law, foreign and domestic corporate defendants are treated identically under the venue statutes and under the constitution of the State of Alabama. Therefore, there is no violation of the equal protection provisions of the constitution of the State of Alabama or that of the United States.
The petitions for writs of mandamus are due to be, and they hereby are, granted, with instructions to the trial court to either grant or deny the petitioners' motions to dismiss, in its discretion, after applying the doctrine of forum non conveniens as required by § 6-5-430.
WRITS GRANTED.
HORNSBY, C.J., and MADDOX, ALMON, SHORES, ADAMS, HOUSTON, STEAGALL and KENNEDY, JJ., concur.
[1] Central Railroad Banking Co. v. Carr, 76 Ala. 388, 52 Am.Rep. 339 (1884), followed in Louisville N.R.R.v. Dooley, 78 Ala. 524 (1885); Iron Age Publishing Co.v. Western Union Tel. Co., 83 Ala. 498, 3 So. 449 (1887);Alabama Great Southern R.R. v. Chumley, 92 Ala. 317,9 So. 286 (1890); Pullman Palace Car Co. v. Harrison,122 Ala. 149, 25 So. 697 (1898); Dozier Lumber Co. v. SmithIsburg Lumber Co., 145 Ala. 317, 39 So. 714 (1905).