ALMON, Justice.
Josephine Cordell, Nelson Cordell, Elvin Freeman, and P.J.M., Inc., an Alabama corporation (all referred to hereinafter as “the Cordells and Freeman”), petition this Court for a writ of mandamus setting aside an order entered by the Circuit Court of Jefferson County transferring this case from Jefferson to Cullman County pursuant to Ala.Code 1975, § 6-3-21.1, which provides for a transfer to a more convenient forum.[1]
Section 6-3-21.1(a) states, in pertinent part:
“With respect to civil actions filed in an appropriate venue, any court of general jurisdiction shall, for the convenience of parties and witnesses, or in the interest of justice, transfer any civil action or any claim in any civil action to any court of general jurisdiction in which the action might have been properly filed and the case shall proceed as though originally filed therein.”
On May 12, 1989, the Cordells and Freeman filed an action in the Circuit Court of Jefferson County against Union Oil Company of California (“Unocal”), J.E. Hayes, Stanley Rabineau, and Truckers City, U.S.A., Inc. Hayes filed a motion pursuant to § 6-3-21.1 to transfer the case to Cull-man County. Although Unocal is a foreign corporation, § 232 of the Alabama Constitution of 1901 provides no bar to the application of § 6-3-21.1 to this action. Amendment 473 to the Constitution was proclaimed ratified on April 1, 1988. Since that amendment has taken effect, § 232 no longer prohibits the transfer, pursuant to § 6-3-21.1, of an action against a foreign corporation from a proper venue to a more convenient venue, or the dismissal of such an action, pursuant to § 6-5-430, on the principle of forum non conveniens. Ex parte Southern Ry., 556 So.2d 1082 (Ala.1989). Cf. Ex parte Illinois Central Gulf R.R., 537 So.2d 899 (Ala.1988); Ex parte Miller, 537 So.2d 910 (Ala.1988).
This case has proceeded only to motions for dismissal or transfer, so the defendants have not had the opportunity to contest the plaintiffs’ allegations. Therefore, of course, we make no finding or holding as to the accuracy of the facts alleged in the complaint. Rather, we simply recite them as showing what has been presented to this Court on this petition.
The complaint alleges the following: In 1985, the Cordells and Freeman began construction on a gasoline service station, restaurant, and convenience store near Cull-man, Alabama. They met with J.E. Hayes, a Unocal jobber residing in Cullman County, to discuss selling Unocal 76 fuel. The Cordells and Freeman formed P.J.M., Inc., for the purpose of operating the station. On January 1,1986, the station opened, and the Cordells and Freeman entered into a written agreement with Hayes in which Hayes was to supply Unocal fuel to the station on a consignment basis.
From the time the station opened, the Cordells and Freeman wanted it to become an authorized Unocal truck stop. Authorized stations are included in a national directory made available to truck drivers throughout the nation, and Unocal provides additional advertising and promotional services for these stations. Because of these additional services, Unocal truck stops enjoy a high volume of business.
*150 Hayes negotiated with the Cordells and Freeman regarding designation of the station as an official Unocal truck stop. Hayes brought Stanley Rabineau, an agent and employee of Unocal, to visit the service station. Both Hayes and Rabineau allegedly represented to the Cordells and Freeman that Unocal would be interested in making this designation if certain improvements were made to the station and that this designation would increase monthly sales by at least 100,000 gallons of fuel. The Cordells and Freeman allege that, in reliance on these representations, they expended substantial sums making suggested improvements, but that Unocal refused to make the designation.
Hayes later purchased Freeman’s two-thirds share of the business for $300,000, and the Cordells continued to operate the business. Hayes set up a new corporation, Truckers City, U.S.A., Inc., giving the Cor-dells a minority interest of one-third of the new company’s stock. Truckers City assumed management of the station on August 31, 1988. On December 29, 1988, Ha^es, allegedly without notice to the Cor-dells, called a special board meeting at which he terminated the Cordells’ employment and ousted Josephine Cordell from her position on the board of directors.
On May 12, 1989, the Cordells and Freeman [2] brought an action in Jefferson County alleging fraud, breach of contract, and breach of fiduciary duty against Unocal, Hayes, Rabineau, and Truckers City, U.S.A. After the complaint was filed, Truckers City, U.S.A. filed a petition under Chapter 11 of the United States Bankruptcy Code, and it is no longer an active participant in this case.
In June 1989, Hayes filed an amended motion to dismiss, or in the alternative, a motion to transfer the action to Cullman County. On July 14, 1989, the trial court denied the motion to dismiss but granted the transfer under § 6-3-21.1.
The Cordells and Freeman contend that the trial judge erred in transferring the case, because, they say, his decision to do so was against the balance of the interests of all the parties. They argue that, because substantial discovery was conducted in Jefferson County, that county is the more convenient of the two forums, and, therefore, that the case should not have been transferred. They also argue that the transfer should not have been granted because only Hayes requested it. Hayes’s answer to the petition for writ of mandamus includes an affidavit by Rabineau and one on behalf of Unocal that state that those two defendants have no preference between Jefferson and Cullman Counties for a trial of this action.
In Ex parte Smith, 533 So.2d 533 (Ala.1988), this Court denied a petition for a writ of mandamus challenging an order transferring an action pursuant to § 6-3-21.1. The Court held in Smith that such a writ would issue only to correct an abuse of discretion by the trial court and that no such abuse was present in that case.
In Ex parte Edgar, 543 So.2d 682 (Ala.1989), this Court also held that a ruling on a motion under § 6-3-21.1 is within the trial court’s discretion and that the trial court did not abuse its discretion in that case by denying a motion to transfer. The Court held that it is the movant’s burden to establish that the case should be transferred, and that the trial court did not err under the facts presented in holding that the movant had not met that burden.
The Cordells and Freeman contend that the trial court did not properly consider that only one of the seven parties involved in the action sought the transfer. They argue that § 6-3-21.1 mandates that the interests of all parties be considered when determining the most convenient forum and that Hayes failed to establish that a trial of this case in Cullman County would serve the convenience of all parties and witnesses to a greater extent than one in Jefferson County. The Cordells and Freeman also cite Edgar, supra, to support *151 their position that a plaintiff may select the forum if there is no clear evidence that the requirements for transfer are met.
While we agree that the burden is on a movant to establish that a case should be transferred, there is substantial evidence to distinguish this case from Edgar and to support the trial court’s finding that Hayes has satisfied this burden. First, it was established that Unocal does business in both Jefferson and Cullman Counties and that the Cordells and Freeman and Hayes are all residents of Cullman County. The service station is in Cullman County, and all of the alleged acts occurred there. Almost all, if not all, of the witnesses reside in Cullman County. Although Rabineau is a resident of Shelby County and his Unocal office is located in Jefferson County, he states that he is the sales representative for north Alabama and spends most of his business time away from Jefferson County. He and Unocal neither supported nor opposed Hayes’s motion for transfer.
Despite the fact that the Cordells and Freeman claim that numerous depositions and other discovery proceedings have been conducted in Jefferson County, they do not show how that fact presents any reason to set aside the transfer. While it is agreed that venue in Jefferson County was proper, venue there was not exclusive, and the majority of the cases cited by the Cordells and Freeman as tending to show that the case should not have been transferred from Jefferson County were decided prior to the enactment of § 6-3-21.1. There is ample evidence in the materials submitted on this petition to support the trial court’s conclusion that Cullman County is a more convenient forum for this action.
For the reasons stated above, we find that there was no abuse of discretion and therefore we must deny the writ of mandamus.
WRIT DENIED.
All the Justices concur.

. The petition alternatively seeks permission to appeal from the interlocutory order of transfer. Because mandamus is available to correct erroneous orders regarding motions to transfer venue, we will treat the case strictly as a petition for writ of mandamus. See Elmore County Comm'n v. Ragona, 540 So.2d 720 (Ala.1988).

. It appears that Freeman, although no longer a shareholder in the company, is alleging that he was damaged by the actions of Unocal’s agents.